IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


KATHERINE RENAY FOX                                        PLAINTIFF


        v.                        CIVIL NO. 12-2234


CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                            DEFENDANT

## MEMORANDUM OPINION

        Plaintiff, Katherine Renay Fox, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claim for supplemental security income (SSI) benefits under the

provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must

determine whether there is substantial evidence in the administrative record to support the

Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

        Plaintiff protectively filed her current application for SSI on May 12, 2010, alleging an

inability to work since January 1, 2005, due to being a slow learner, depression, high blood

pressure, a panic disorder, a right foot injury, and right ear pain.[2] (Tr. 138, 166).   An

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

[2]Title XVI benefits are not payable for the period prior to the application.  See Cruse v. Bowen, 867 F.2d 1183,
1185 (8th Cir. 1989); 20 C.F.R.§§ 416.330, 416.335.  Accordingly, the relevant time period in this case is May 12,
2010, through June 16, 2011, the date of the ALJ's decision.

administrative hearing was held on April 27, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 36-63).

By written decision dated June 16, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 23). Specifically, the ALJ found Plaintiff had the following severe impairments: borderline intellectual functioning and depression.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 23).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is able to perform work where interpersonal contact is incidental to work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, with few variables, requiring little judgment, and supervision is simple, direct, and concrete.  The claimant is able to work in a relatively calm setting without a great deal of noise or a lot of piece work demands.

(Tr. 25). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a nursing home housekeeper, as well as, other work as a fishing float assembler, a toy assembler, and a small parts assembler.  (Tr. 30-31).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on August 9, 2012. (Tr. 1-6).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 9).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 12, 13).

AO72A
(Rev. 8/82)

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3),

-3-

1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. § 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

III.    **Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ improperly found no severe exertional impairments; 2) the ALJ failed to properly develop the record; 3) the ALJ's RFC determination is not supported by substantial evidence and did not properly take into account Plaintiff's treating physician's opinion; 4) the ALJ erred in assessing Plaintiff's credibility; and 5) the ALJ erred in determining Plaintiff could perform her past relevant work, as well as other work in the national economy.

A.      **Plaintiff's Impairments:**

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe.  See 20 C .F.R. § 404.1520(c).  To be severe, an impairment

-4-

only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. <u>See</u> Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. <u>See</u> <u>Brown v. Yuckert</u>, 482 U.S. 137, 153-54 (1987).   The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two.  <u>See</u> <u>Mittlestedt v. Apfel</u>, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ found that Plaintiff's alleged exertional impairments were non-severe, the ALJ clearly considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. <u>See</u> <u>Swartz v. Barnhart</u>, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); <u>Elmore v. Astrue</u>, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); <u>see</u> <u>also</u> 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). Thus, the ALJ's finding that Plaintiff's alleged exertional impairments were not "severe" impairments does not constitute reversible error.

**B.     Fully and Fairly Develop the Record:**

While an ALJ is required to develop the record fully and fairly, <u>see</u> <u>Freeman v. Apfel</u>, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required

AO72A
(Rev. 8/82)

to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period.  See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

**C.     Listing Impairment 12.05C[3]:**

Under Listing 12.05C, a claimant suffers from the required severity of mental retardation if she shows a valid  verbal, performance, or full scale IQ of 60 through 70, with an onset prior to age 22, and a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C; McNamara v. Astrue, 590 F.3d 607, 611 (8th Cir. 2010).  When trying to establish that the Listing 12.05C requirements have been met, the claimant must also meet the requirements in the introductory paragraph of Listing 12.05.  Maresh v. Barnhart, 438 F.3d 897, 899 (8th Cir. 2006). Those requirements clearly include demonstrating that the claimant suffered "deficits in adaptive functioning" and that those deficits "initially manifest during the developmental period [before age 22]." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05; Cheatum v. Astrue, 388 Fed. Appx. 574, 576 (8th Cir. 2010)(citations omitted).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and that there was sufficient evidence for the ALJ to make an informed decision.  Therefore, the Court finds there is substantial evidence of record to support the ALJ's finding that Plaintiff did not meet Listing 12.05C.

---

[3]The Court notes Plaintiff's counsel referenced Listing 15.05(c).  (Doc. 12, p. 11). The Court believes Plaintiff's counsel meant Listing 12.05C, as this Listing pertains to mental disorders.

-6-

**D.      RFC Assessment and Treating and Examining Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'"  Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir.2000) (citations omitted).  An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2))

-7-

After reviewing the evidence of record, the Court finds that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. The Court notes that in determining Plaintiff's RFC, the ALJ specifically discussed the relevant medical records, and the medical opinions of examining and non-examining medical professionals, including the opinions of Drs. Steve A. Shry, Joe Dunaway, Don Ott, Garry Stewart, Karmen Hopkins, Lucy Sauer, Jay Rankin, and Kay Cogbill, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### E.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our

-8-

touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." <u>Edwards v. Barnhart</u>, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the <u>Polaski</u> factors. A review of the record revealed that Plaintiff was able to take care of child, to take care of her personal needs, to prepare meals, to do house chores with breaks, to drive a car and go shopping, to pay bills, to watch television, and to talk to people by telephone or in person daily. (Tr. 184-191). The ALJ further noted that Plaintiff quit working at her last job due to a loss in childcare, not because of her alleged impairments. (Tr. 42).

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. <u>Murphy v. Sullivan</u>, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The record revealed that Plaintiff was able to come up with the funds to support her smoking. (Tr. 239). Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**F.    Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. <u>Goff v. Barnhart</u>, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that

-9-

the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that during the relevant time period Plaintiff's impairments did not preclude her from performing her past relevant work as a nursing home housekeeper, or other work as a fishing float assembler, a toy assembler, and a small parts assembler . Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 2nd day of January, 2014.


/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-10-